IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD G. ROSENE,
SHAUN L. ROSENE,

   Plaintiffs,       No. CIV S-11-2097 MCE EFB PS

 vs.

JP MORGAN CHASE BANK, N.A.; T.D.
SERVICE COMPANY; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., and DOES 1 thought 520, inclusive,

              ORDER AND
   Defendants.       FINDINGS AND RECOMMENDATIONS
_____/

   This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On August 8, 2011, defendant Mortgage Electronic Registration Systems, Inc. ("MERS") removed this action from Placer County Superior Court on the basis of diversity jurisdiction, and defendant JP Morgan Chase Bank, N.A. ("JP Morgan Chase") consented to the removal. Notice of Removal, Dckt. No. 1 at 1, 4. Defendants MERS and JP Morgan Chase now move to dismiss plaintiffs' complaint. Dckt. No. 7.

   However, before the court can address the merits of defendants' motion to dismiss, it has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is

on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendant has failed to meet that burden.

Here, the notice of removal is predicated upon the court's diversity jurisdiction. Dckt. No. 1 at 2; *see also* 28 U.S.C. § 1332 (providing that a district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interest and costs). The notice of removal states that "[t]his Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and all the defendants that have been served with the Complaint and more than $75,000, exclusive of interest and costs, is at stake." Dckt. No. 1 at 2. The notice states that plaintiffs are citizens of and are domiciled in California, and that none of the defendants that had been served with the complaint at the time of removal were or are citizens of California. *Id.* at 2, 3. MERS is a Delaware corporation with its principal place of business in Virginia and JP Morgan Chase is a national banking association with its main office in and articles of association filed in Ohio. *Id.* at 3.

At the time of removal, the third named defendant, T.D. Service Company ("TDSC"), had not been served with the complaint or appeared in the action; therefore, TDSC did not need to consent to or join in the removal. It appears MERS also assumed, therefore, that TDSC's citizenship was not relevant for purposes of determining diversity jurisdiction. However, complete diversity is required, and a majority of courts, including the Ninth Circuit, have rejected the argument that Section 1441(b) "expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served." *Preseau v. Prudential Ins. Co.*, 591 F.2d 74, 78 (9th Cir. 1979); *see also Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("A nonresident defendant cannot

2

1 remove a 'non-separable' action if the citizenship of any codefendant, joined by the plaintiff in
2 good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant
3 . . . .").

4       Because both plaintiffs and defendant TDSC are citizens of California, *see Nottebohm v.*
5 *Am. Home Mortg. Corp*., 2011 WL 3678841, at *1 (N.D. Cal. Aug. 22, 2011), and there is no
6 indication that TDSC was named as a sham defendant or that the joinder of TDSC was
7 fraudulent, this court does not have diversity jurisdiction over this action. *See Id*. at *2 (N.D.
8 Cal. Aug. 22, 2011) ("Whether or not defendant T.D. Service Company has been served is not
9 relevant to the question of diversity jurisdiction. Defendant T.D. Service Company is a
10 non-diverse defendant. The Court lacks subject matter jurisdiction to rule on defendants'
11 pending motions, and over this case in general."); *Mandosia v. Soros*, 2011 WL 836642, at *2
12 (C.D. Cal. Mar. 4, 2011) ("[T]he Court takes notice that T.D. Service Company's only listed
13 address is in California. Therefore, it appears it has its principal place of business in California
14 and is thus a California citizen for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).
15 The Court therefore has neither federal question nor diversity jurisdiction over the SAC."); *Aniel*
16 *v. TD Service Co.*, 2011 WL 109550 (N.D. Cal. Jan. 13, 2011) (remanding action to state court
17 after dismissing plaintiff's federal claim because the complete diversity requirement was not met
18 since "T.D. Service Company (which is incorporated in California) [is a] resident[] of the same
19 state in which plaintiffs reside – California"); *Cf. Schayes v. T.D. Serv. Co. of Ariz.*, 2011 WL
20 1793161, at *4 (D. Ariz. May 11, 2011) (finding that T.D. Service Company was fraudulently
21 joined where the only claim asserted against it was for common law fraud, yet all of the
22 allegedly fraudulent action was attributed to a different defendant).

23       Additionally, a review of the complaint reveals that plaintiffs do not allege any federal
24 claims. Dckt. No. 1 at 8-39 (Compl.). Therefore, because defendants have not adequately
25 established diversity or federal question jurisdiction, the court lacks subject matter jurisdiction
26 and must remand the case. *See* 28 U.S.C. § 1447(c).

Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference currently set for hearing on March 14, 2012 is vacated.[1]

IT IS FURTHER RECOMMENDED that:

1. The above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Placer; and

2. Defendants' motion to dismiss, Dckt. No. 7, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] As a result, the parties are not required to submit status reports as provided in the August 8, 2011 order. *See* Dckt. No. 5. However, if the recommendation of remand herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

4